## Smith v. County of Delaware

*McClenachan, Blumberg & Levy*, for plaintiff.

*Edward H. P. Fronefield*, for defendant.

SWENEY, P. J., June 12, 1962. — This case comes before the court en banc, on written briefs and oral argument, upon plaintiff's motion for judgment on the pleadings.

Plaintiff, Louis E. Smith, Jr., is a duly appointed deputy sheriff of Delaware County. He has brought

suit to recover from the County of Delaware his salary in the sum of $211.54 for a two week period ending February 16, 1961, which salary has been withheld because of the refusal of Hon. Catharine M. Adams, County Controller, to approve and pay mileage for the delivery of writs which plaintiff claimed to be due.

The procedure by which deputy sheriffs were reimbursed for mileage, when they used their own cars for the service of writs and similar process, was to submit monthly statements to the county setting forth the amount collected by the sheriff for service as the amount due the deputy for servicing the writ.

The controller refused payment of plaintiff's bill on the ground that the deputy made several services of writs on the same day in the same part of the county and, therefore, could be paid for only one mileage from the Court House in Media and the locality of service.

The question of law involved is: Where a deputy sheriff performs more than one service of process on a single trip from the Court House at Media, is he entitled to be compensated for circular mileage for each separate service of process made?

Section 5 of article 14 of the Constitution of Pennsylvania provides, inter alia: "The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county . . ."

The Act of May 9, 1949, P. L. 927, sec. 2, with amendments, 16 PS §11302, provides, inter alia: "In counties where the sheriff is or shall be compensated by a salary, all fees and commissions which he shall be required or entitled to charge or receive for official acts or services shall belong to the county . . ." The same act in section 1, 16 PS §11301, provides, inter alia: "In all counties of the . . . third class . . . the fees and costs, including commissions and mileage, to

be charged and received by the sheriff from persons or counties requiring their services shall be as follows: . . .

"(m) For mileage in service or executing any of the writs . . . the sheriff shall be entitled to charge and receive, and may tax as official costs, ten cents a mile circular for each mile necessary to be traveled by him or any of his deputies or employees, and same shall be allowed on each separate writ . . . Provided, That he shall not receive more than one mileage where the plaintiff and defendant in two or more contemporaneous writs are the same, or when conducting two or more persons or prisoners at one time . . ."

It is clear from this language that the sheriff of Delaware County has (a) the right to collect mileage on each and every writ where plaintiffs and/or defendants are different; (b) that the rate shall be ten cents per mile for every mile from the Court House at Media to the place of service and return; (c) that the mileage so taxed and collected becomes the property of the County of Delaware and (d) the county must pay the proper amount for service.

In Smith v. Altoona & Philipsburg Connecting Railroad Company, 182 Pa. 139, 150 (1897), the Supreme Court said:

"The complaint of appellant, because of the taxation of fees and mileage on each writ, is not sustained. The act known as the 'Fee Bill Act,' expressly says that the officer 'shall have travelling expenses on each writ for each mile travelled.' While it is decided that, where a number of writs between the same parties are executed at the same time by the officer, but one mileage is taxable, yet, as held by the learned Judge of the court below, following Terry v. Gregg, 26 Pitts. L. J. 94 (O. S.), this has no application to this case, where in each there is a different plaintiff."

In the case of Terry v. Gregg, supra, the court said: "The next question presented by these exceptions, involves the charge of mileage on each writ, there being several against the same defendant.

"The auditor is of the opinion, that in such case only one mileage should be allowed, and undoubtedly reason and justice are in favor of that view, but the language of the law is, 'travelling expenses on each writ, for each mile traveled, six cents.' This is explicit, and seems to admit of only the one construction."

The county solicitor calls attention to the fact that the above cases cover the right of a sheriff to charge miles but that the question before the court is what the process server is entitled to collect. This brings us to the heart of this case; there is no case in Pennsylvania directly in point.

The question of expense accounts (often called "swindle sheets") has long been the subject of study by municipalities and large corporations. Every method that could be devised to fairly compensate employes for expenses has been tried and, because of the frailties of human nature, have been only partly successful. The question of service of process has been a source of trouble since ancient times; time was when writs lay on the deputy's desk, until the attorney on the writ made it worth the deputy's while to serve the same; time was when the deputy visited the offices of the attorney on the writ to tell of a successful service and to receive his reward (or the next writ was not served). These practices are not and have not been in vogue in Delaware County.

The practical procedure is that there is a set charge for each writ and, in addition thereto, mileage at the rate of ten cents per circular mile; the set charge is turned over monthly by the sheriff to the treasurer and forms the basis for payment of the expenses of the

sheriff's office; the mileage charge on each writ is also turned over by the sheriff to the treasurer and heretofore has been paid to the deputy who served or attempted to serve the writ. This single amount has been paid regardless of the number of trips the deputy takes to "make service" and negates any cause for delay.

Speedy service of legal process is an integral part of the basic court structure. It would be possible to return the writ "unserved" after one attempt: this would mean holding the writ until the attorney on the writ inquired; or notifying the attorney that the writ has not been served; or returning the writ to the prothonotary's office "unserved," in any case necessitating the issuance of a new writ with additional costs to the litigant.

Such a practice adds to the possibility of fraud. Why should a deputy serve a writ the first time if he is going to be paid for actual mileage? Who is going to check him as he rides around the county?

We hasten to say that nothing herein should in any sense reflect on our sheriff and his deputies. The court is well pleased with the efficiency of the office and we have heard no real complaints from the bar.

And so we conclude both from the legal and practical angles of this question that the method of payment, as adopted by the sheriff, should be sustained and that judgment should be entered on the pleadings in favor of plaintiff.

### Decree

And now, June 12, 1962, it is ordered and decreed that judgment be, and it is hereby, entered on the pleadings in favor of plaintiff, Louis E. Smith, Jr., and against defendant, County of Delaware, in the sum of $235.34 together with interest thereon at the rate of six percentum per annum from February 28, 1961; an exception is noted for defendant.